Filed 8/13/15  P. v. Valenzuela CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041477 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1238305) |
| v. | |
| JORGE LUIS VALENZUELA, | |
| Defendant and Appellant. | |

By plea agreement, defendant Jorge Luis Valenzuela was sentenced to four years in county jail (Pen. Code, § 1170, subd. (h))[1] for willfully inflicting cruel or inhuman injury on a child.  (§ 273d, subd. (a).)  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf and received no response.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440-441.)  We include here a brief description of the facts and procedural history of the case, and the conviction and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## I.    TRIAL COURT PROCEEDINGS

According to probation reports, in August 2012 defendant became angry when his girlfriend refused to give him a ride to an appointment.  The couple's then-three-month-

---

[1]  Unspecified statutory references are to the Penal Code.

old daughter and the girlfriend's then-six-year-old daughter from a previous relationship were present at the time. Defendant had two prior convictions for domestic violence against the girlfriend and was subject to a protective order allowing only peaceful contact with her. When the girlfriend refused to give him a ride, defendant shoved her into a wall with both hands several times. Defendant then walked into an adjoining room, picked up the girlfriend's six-year-old daughter by the arm and threw her across the room. The daughter sustained bruises on her arms and thighs. The girlfriend drove defendant to his appointment and reported the incident to the police, who arrested defendant.

Defendant was charged by felony complaint with willful cruelty to the six-year-old (§ 273d, subd. (a)) and violating a protective order with a prior conviction for the same offense (§ 273.6, subd. (d)). In exchange for reducing the protective order violation to a misdemeanor (§ 166, subd. (c)(1)), defendant pleaded no contest to both counts. In December 2012, the trial court suspended imposition of sentence for three years and placed defendant on formal probation with conditions including ten months' custody time. Another probation condition prohibited all but peaceful contact with defendant's girlfriend and was imposed as a protective order. The trial court also ordered defendant to pay a $264 restitution fine (§ 1202.4, subds. (b)(1); (*l*))[2] with an additional $240 probation revocation fine which was suspended pending successful completion of probation (§ 1202.44); an $80 court operations assessment (§ 1465.8, subd. (a)(1)); a $60 court facilities funding assessment (Gov. Code, § 70373, subd. (a)(1)); a $150 presentence investigation fee (§ 1203.1b, subd. (a)); and a $30 per month probation

---

[2] We assume the $264 restitution fine represents the $240 minimum fine as well as a ten percent restitution fine collection fee. (§ 1202.4, subds. (b)(1); (*l*) ["At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid ... ."].)

2

supervision fee (§ 1203.1b, subd. (a)).[3] The court waived imposition of a criminal justice administration fee based on defendant's inability to pay. (Gov. Code, §§ 29550-29550.2.)

In July 2013, defendant admitted willfully violating the probation condition restricting contact with his girlfriend.[4] The trial court revoked and reinstated probation and ordered defendant to serve 60 days in county jail as an additional condition of probation. Defendant's probation was revoked again in December 2013, stemming from an incident where he struck his girlfriend with a flashlight. In June 2014, as part of a plea agreement to resolve the instant case as well as charges in two new cases arising out of his most recent probation violation, defendant agreed to admit a willful violation of probation and to a sentence of four years in county jail.

In August 2014, the trial court terminated probation and sentenced defendant to the middle term of four years in county jail for the section 273d, subdivision (a) corporal injury count, with no parole or mandatory supervision after his release. His sentence for the misdemeanor charge in the instant case was deemed served based on presentence custody credits. As reflected in the corrected abstract of judgment,[5] the trial court ordered defendant to pay the $240 probation revocation fine that had been previously imposed and suspended (§ 1202.44). Defendant received 785 days of presentence credit based on 393 actual days plus 392 conduct credits (§ 4019).

---

[3] The trial court did not make findings regarding defendant's ability to pay the presentence investigation and probation supervision fees. As defendant's trial counsel did not object, that argument is forfeited. (*People v. Trujillo* (2015) 60 Cal.4th 850, 857-859 [finding forfeiture based on failure to object in the trial court to § 1203.1b probation supervision fees].)

[4] Defendant was also charged separately with violating a protective order based on the same conduct and he pleaded no contest to the new offense.

[5] Appellate defense counsel contacted the trial court about errors in the abstract of judgment related to fines, leading the trial court to issue a corrected sentencing minute order and a new abstract of judgment. We granted defendant's motion to augment the record to include those documents.

We have reviewed the entire record and find no arguable issue.

## II.   DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.

*People v Valenzuela*
**H041477**