Filed 10/15/15  P. v. Boselly CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW BOSELLY,<br><br>    Defendant and Appellant. | D066810<br><br><br><br>(Super. Ct. No. JCF31360) |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed as modified.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, Matthew Boselly entered a no contest plea to one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)).  Boselly was granted probation subject to certain terms and conditions.

Boselly challenges two of the probation conditions.  First, he contends the $50 laboratory fee was unauthorized as this was not a drug case.  The respondent properly agrees the fee was unauthorized.  We will direct the court to strike the laboratory fee.

Boselly next contends the trial court erred in ordering him to pay the costs of probation supervision as there was no evidence of his ability to pay.  The respondent argues the issue has been forfeited, however defense counsel expressly asked to waive fees due to Boselly's lack of ability to pay, a position with which the prosecution had no objection.

We will find the record does not support any implied finding of ability to pay, and therefore we will order the trial court to strike this condition as well.[2]

## DISCUSSION

In order to impose the costs of probation supervision on a probationer, the court must make a finding that the person has the ability to pay.  (§ 1203.1b, subd. (e).)  The court's direct or implied finding of ability to pay must be supported by substantial evidence.  (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1398; disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858, fn. 5 (*Trujillo*).)

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     The facts of the underlying offense have no bearing on the issues in this appeal.

At the sentencing hearing, defense counsel asked the court to waive fees because of Boselly's indigence. The only discussion of ability to pay occurred at the outset of the sentencing hearing:

> "[Defense counsel]: Your honor, I would--I would also ask the court to consider waiving fines and fees to the extent permitted by law.
>
> "Mr. Boselly is homeless. He lives in a tent off the coast of the Salton Sea. He doesn't have any income. It would be very difficult for him to pay these fines and fees.
>
> "And I would also ask--he's technically on social security, but that's beside the point. The income status is still what it is."

The court then asked the prosecutor for comment. The prosecutor said: "We have no objection on the fees, if the court chooses to do that."

Otherwise the record shows Boselly is receiving disability income from social security. His mental state seems marginal since criminal proceedings were suspended under section 1368 on at least two occasions. The court made no express finding on ability to pay probation supervision costs and simply ordered Boselly to make payments on the cost of probation supervision. The court did find Boselly lacked the ability to pay the costs of appointed counsel.

Substantial evidence is often defined as " ' "evidence that is reasonable, credible and of solid value." ' " (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1104.) In this case there is virtually no evidence that could support an implied finding that Boselly had or will have the ability to pay the costs of probation supervision. Therefore the order to make such payments is not supported by any substantial evidence.

We will turn next to respondent's position that the issue has been forfeited. Although respondent recognizes defense counsel asked the court to waive fees based on lack of ability to pay, respondent argues such effort was not enough to avoid forfeiture. Relying on *Trujillo, supra,* 60 Cal.4th 850, respondent argues Boselly should have done more to preserve the issue for appeal. We disagree.

First we do not believe the decision in *Trujillo, supra,* 60 Cal.4th 850 requires multiple efforts by defense counsel to raise the issue of a defendant's inability to pay the cost of probation supervision. The court did hold that the forfeiture doctrine does apply where an appellant seeks to raise inability to pay fees for the first time on appeal. (*Id.* at p. 857.) That is not our case.

Here the defense raises the issue of inability to pay fees due to disability, homelessness and lack of income. When asked to comment, the prosecution did not disagree. We wonder what else defense counsel should have done. The court found Boselly did not have the ability to pay defense counsel costs. The court made no comment about the probation costs. On this record we believe the defense placed the issue before the court. There is no basis for application of the forfeiture doctrine in this case.

## DISPOSITION

The probation order is modified to strike the laboratory fee and to strike the condition requiring payment of probation supervision costs. The superior court is

4

directed to modify the probation order accordingly.  In all other respects the judgment is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


          McCONNELL, P. J.


          PRAGER, J.*

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.