Filed 12/18/15  P. v. Martinez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041404 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1367761) |
| v. | |
| PAUL JIMMY MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Paul Jimmy Martinez pleaded guilty to possession of methamphetamine (Health & Saf. Code, former § 11377, subd. (a)) and admitted a prior strike conviction allegation (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and five prison prior allegations (§ 667.5, subd. (b)).  The court found a second prior strike allegation true, but it then struck both prior strike conviction findings.  In August 2014, the court suspended imposition of sentence, placed defendant on felony probation for five years, and ordered defendant to pay a $110 per month probation supervision fee.

On appeal, defendant contends that we must deem his possession conviction to be a misdemeanor due to the November 2014 enactment of Proposition 47.  He also challenges the probation supervision fee on the ground that he lacked the financial ability

---

[1] Subsequent statutory references are to the Penal Code unless otherwise specified.

to pay it. We conclude that defendant may not obtain the relief contemplated by Proposition 47 without filing a petition in the superior court seeking that relief. We also find that he has forfeited his challenge to the court's imposition of the probation supervision fee. We therefore affirm the probation order.

## I. Background

In August 2013, defendant was stopped by the police for riding his bicycle without a rear-facing red light. He admitted that he had "dope" in his pocket, and 0.29 grams of methamphetamine was found in his pocket. Defendant was charged by information with felony possession of methamphetamine. The information also alleged that he had suffered prior strike convictions for robbery and residential burglary and had served prison terms for five prior felony convictions. In February 2014, he entered an unconditional plea of guilty to the possession count and admitted the five prison priors and one of the strike priors. The other strike prior allegation was tried to the court, which found it true.

Defendant asked the court to reduce the possession count to a misdemeanor under section 17, subdivision (b) and strike the strike prior findings. The court struck the strike priors but did not reduce the possession count to a misdemeanor. In addition to his five prior felony convictions, defendant had suffered 35 prior misdemeanor convictions. In August 2014, the court suspended imposition of sentence and granted defendant probation for five years conditioned on his serving a year in jail, completing a residential substance abuse treatment program, and obtaining "gainful employment." He was awarded 300 days of credit against his jail term and permitted to serve the remaining time in a residential treatment program if the drug court judge found that appropriate. The court ordered "a probation supervision fee of $110 per month," and it ordered defendant "to report to the Department of Revenue within 30 days for the completion of a payment

2

plan for your fines and fees." Defendant timely filed a notice of appeal challenging only his sentence.

## II. Discussion

### A. Application of Proposition 47

Defendant contends that this court is required to reduce his possession conviction to a misdemeanor because his conviction was not final when Proposition 47 took effect.[2]

Proposition 47, the Safe Neighborhoods and Schools Act, was enacted by the voters in November 2014. The Legislative Analyst described Proposition 47 as having three effects: "This measure reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes. The measure also allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences. In addition, the measure requires any state savings that result from the measure be spent to support [certain services]." (Voter Information Guide, Gen. Elect. (Nov. 4, 2014) analysis by the Legislative Analyst, p. 35.)

Proposition 47 created a process for certain offenders to "apply for reduced sentences" by enacting section 1170.18. Section 1170.18 does not automatically authorize resentencing for a person convicted of one of the specified nonserious, nonviolent theft offenses (violations of section 459.5, 473, 476a, 490.2, 496, or 666) or drug offenses (violations of Health and Safety Code section 11350, 11357, or 11377). Several prerequisites must be satisfied. First, the petitioner is eligible for resentencing only if he or she elects to file a petition and his or her offense would qualify for misdemeanor treatment under the Proposition 47 version of the statute criminalizing that offense. (§ 1170.18, subd. (a).) For drug offenses, misdemeanor treatment is available

---

[2]    This issue is currently before the California Supreme Court in *People v. Dehoyos* (2015) 238 Cal.App.4th 363, review granted September 30, 2015, S228230.

3

only if the offender had no prior convictions for any "offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code [known as a super strike] or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code [a registrable sex offense]." (Health & Saf. Code, §§ 11350, 11357, 11377.) For theft offenses, misdemeanor treatment is available only if the value of the property did not exceed $950.[3] (§§ 459.5, 473, 476a, 490.2, 496.) Second, a petitioner is not eligible for resentencing if he or she has suffered a prior conviction for a super strike or a registrable sex offense. (§ 1170.18, subd. (i).) Third, even if the petitioner is eligible for resentencing, the court may refuse to resentence him or her if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).)

Defendant contends that he is not required to bring a petition for resentencing under section 1170.18 because Proposition 47's amendment of Health and Safety Code section 11377 must be retroactively applied to him. He relies on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). In *Estrada*, the California Supreme Court reasoned that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Id.* at p. 745.)

*Estrada* is not the general rule but an exception to the general rule. The general rule is set forth in section 3, which states that no part of the Penal Code is "retroactive, unless expressly so declared." The California Supreme Court has interpreted section 3

---

[3] The requirements regarding a petty theft with a prior conviction (§ 666) are more complex, but we need not discuss them here as they are not relevant to our analysis.

"to mean '[a] new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise. [Citation.]'" (*People v. Alford* (2007) 42 Cal.4th 749, 753.) "[I]n the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1209.)

*Estrada* is based on a presumption that a mitigation of punishment was intended to have retroactive effect unless the Legislature provided otherwise. "The rule in *Estrada*, of course, is not implicated where the Legislature clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause *or its equivalent*. [Fn. omitted.] . . . [T]he absence of an express saving clause . . . does not end 'our quest for legislative intent.' 'Rather, what is required is that the Legislature demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'" (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, italics added.)

The general rule of prospectivity applies here, rather than *Estrada*, because the voters demonstrated "with sufficient clarity" their intent that the amendments not have retroactive effect. The voters combined their amendments of the statutes to mitigate punishment with their enactment of section 1170.18's procedure for previously convicted offenders to seek resentencing. Section 1170.18's petition procedure clearly reflects that Proposition 47's amendment of the various statutes to mitigate the punishment was not intended to apply retroactively. Defendant may seek resentencing under section 1170.18 only by filing a petition in the superior court.

**B. Probation Supervision Fee**

Defendant did not object below to the court's imposition of the probation supervision fee.[4] The California Supreme Court has since held that such a contention is not preserved for appeal in the absence of an objection below. (*People v. Trujillo* (2015) 60 Cal.4th 850, 859.) Consequently, defendant had forfeited his challenge to this fee and may not raise it on appeal.

**III. Disposition**

The order is affirmed.

---

[4] Defendant left school before the sixth grade due to a learning disability. Defendant was homeless and 52 years old when he was arrested, but he had obtained a $10 an hour job three days before his arrest. He has been employed at various times when not incarcerated.

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Grover, J.