Filed 9/16/20  P. v. Joseph CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | C088975 |
| Plaintiff and Respondent, | (Super. Ct. No. F18-00490) |
| v. | |
| MICHAEL WAYNE JOSEPH, | |
| Defendant and Appellant. | |

Following a trial, a jury found defendant Michael Wayne Joseph guilty of assault with a deadly weapon, felony vandalism, and attempting to dissuade a witness.  He was sentenced to serve an aggregate prison term of 10 years 8 months.  The court imposed various fines, fees, and assessments.  On appeal, he contends:  (1) the imposition of the restitution fine, court operations assessment, and court facilities assessment violates his constitutional rights because there was no determination of his ability to pay them; and (2) the trial court erred in imposing the presentence probation report fee in violation of his constitutional rights because the probation department did not determine he had the

1

ability to pay for the cost of the report.  We conclude there was no violation of defendant's constitutional rights when the trial court imposed the mandatory restitution fine and assessments without an ability to pay determination.  As to the imposition of the presentence probation report fee, we conclude defendant forfeited this contention.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

During an altercation, defendant hit the first victim with a shovel several times, hit the victim's truck with the shovel, then hit the second victim with the shovel.  Defendant sent a letter from jail asking the recipient to ask the victims not to testify.  Following a trial, a jury found defendant guilty of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] felony vandalism (§ 594, subd. (a)), and attempting to dissuade a witness (§ 136.1, subd. (a)(2)).  The jury acquitted defendant of a second count of assault with a deadly weapon.  Defendant admitted allegations that he had suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike (§§ 667, subds. (b)-(i), 1170.12).

The court imposed an aggregate sentence of 10 years 8 months, as follows:  the upper term of 4 years for assault, doubled to 8 because of the strike; one-third the middle term, 8 months for felony vandalism, doubled to 16 months because of the strike; and one-third the middle term, 8 months for attempting to dissuade a witness, doubled to 16 months because of the strike.  The trial court struck the prior serious felony enhancement. The trial court imposed various fines and fees, including a restitution fine in the amount of $300, a $40 per count court operations assessment for a total of $120, and a $30 per count court facilities assessment for a total of $90.  The court ordered defendant to pay $487 for the cost of the presentence report pursuant to section 1203.1b, subdivision (b),

---

[1]     Undesignated statutory references are to the Penal Code.

2

in accordance with the recommendation of the probation report.  Defendant did not object to any of the fines and fees.

DISCUSSION

**I**

***Imposition of Mandatory Fine and Assessments***

Defendant argues that imposition of the following mandatory restitution fine and assessments violated his constitutional rights because the trial court did not determine his ability to pay before imposing them:  (1) a restitution fine of $300 (§ 1202.4), (2) a court operations assessment of $120 (§ 1465.8), and (3) a court facilities assessment of $90 (Gov. Code, § 70373).  He asks this court to vacate the assessments and stay the restitution fine.

This argument relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) that held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.)  The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

The Attorney General responds by arguing this claim is forfeited by failing to object to the imposition of the restitution fine and assessments during the sentencing hearing.  Assuming, without deciding, defendant's challenges to the restitution fine and assessments have not been forfeited, we conclude *Dueñas, supra,* 30 Cal.App.5th 1157 was wrongly decided and reject defendant's claim on that basis.

3

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas, supra,* 30 Cal.App.5th 1157 and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the mandatory fine and assessments.

## II

### *Presentence Investigation Fee*

Defendant contends there is insufficient evidence to establish he had the ability to pay the presentence investigation report fee pursuant to section 1203.1b. The People argue defendant forfeited this argument by not objecting in the trial court. We agree.

Our Supreme Court has held that a defendant must assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal. (*People v. Trujillo* (2015) 60 Cal.4th 850, 858-860.) We are bound by the Supreme Court's decision. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Thus, we conclude defendant has forfeited his challenge to the trial court's imposition of the presentence investigation report fee.

4

The judgment is affirmed.


                                                /s/
                                                HOCH, J.


We concur:


/s/
BLEASE, Acting P. J.


/s/
HULL, J.