Filed 1/12/15 (this opn. precedes companion case, S213571, also filed 1/12/15)

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiff and Respondent, )
　　　　　　　　　　　　　　　　　　　　 ) 　　　　　S213687
　　　　v. )
　　　　　　　　　　　　　　　　　　　　 ) 　　　Ct.App. 6 H038316
DONNA MARIE TRUJILLO, )
　　　　　　　　　　　　　　　　　　　　 ) 　　　　Santa Clara County
　　　　Defendant and Appellant. ) 　Super. Ct. No. C1199870
_____ )

　　　　In this case, and in the companion case of *People v. Aguilar* (Jan. 12, 2015, S213571) ___ Cal.4th ___ , we address questions related to *People v. McCullough* (2013) 56 Cal.4th 589, which held that a defendant forfeits an appellate challenge to the sufficiency of evidence supporting a jail booking fee imposed under Government Code section 29550.2, subdivision (a), if the fee is not first challenged in the trial court.  Here we determine if the forfeiture rule applies in the context of an order that defendant pay probation supervision and presentence investigation fees imposed under Penal Code section 1203.1b,[1] which prescribes specific procedures for imposition of such fees.  Although at trial defendant neither objected to the fees nor asserted an inability to pay them, the Court of Appeal reversed the order of payment and remanded with directions that the trial

---

[1]　　　Further statutory references are to the Penal Code unless otherwise specified.

court follow the procedure prescribed in section 1203.1b before imposing the fees. We granted the People's petition for review and now reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of buying, receiving, concealing, or withholding stolen property in violation of section 496, subdivision (a), a felony. The trial court referred defendant to the county department of adult probation services for presentence investigation and preparation of a report. At the sentencing hearing, the court suspended imposition of sentence and placed defendant on probation. It imposed a restitution fine of $264 under section 1202.4 and imposed and stayed a probation revocation restitution fine in the same amount under section 1202.44. It also imposed a $129.75 booking fee (Gov. Code, § 29550.1), a $40 court security fee (Pen. Code, § 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). At issue in this case, the court, in reliance on Penal Code section 1203.1b, imposed a presentence investigation fee "not to exceed $300" and a probation supervision fee "not to exceed $110 per month." The court ordered defendant to report to the Department of Revenue within 30 days for completion of a payment plan. Defendant, who had refused to speak with the probation officer before sentencing and initially failed to appear at the sentencing hearing, neither objected to the fines and fees nor asserted an inability to pay them. On appeal, defendant challenged imposition of the booking fee, asserting a lack of evidence of her ability to pay it, and the presentence investigation and probation supervision fees on the ground that the trial court had failed to determine her ability to pay them as required by section 1203.1b.

The Court of Appeal held defendant's failure to object forfeited a challenge to the booking fee (*People v. McCullough*, *supra*, 56 Cal.4th 589) (*McCullough*), but reversed and remanded with directions to the trial court to follow the procedure prescribed by section 1203.1b before imposing the costs of presentence

2

investigation and probation supervision. Relying on its prior decision in *People v. Pacheco* (2010) 187 Cal.App.4th 1392, disapproved in part in *McCullough*, the court found dispositive the circumstance that nothing in the record showed that either the trial court or the probation officer complied with section 1203.1b's procedural safeguards; in its view, this deficiency compelled reversal even assuming defendant forfeited the sufficiency of evidence argument pertaining to probation-related costs.[2]

## ANALYSIS

Section 1203.1b provides in relevant part that when a defendant is convicted and granted probation or a conditional sentence, and has been the subject of any preplea or presentence investigation and report, the probation officer—taking into account any amount the defendant is ordered to pay in fines, assessments and restitution—must make a determination of the defendant's ability to pay all or a portion of the reasonable cost of probation supervision and the preparation of the presentence report. (§ 1203.1b, subd. (a).) The statute directs the trial court to order the defendant to appear before the probation officer for a determination of the amount and manner of payments based on the defendant's ability to pay. (*Ibid.*) "The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver."

---

[2] In a portion of its disposition not at issue here, the court also ordered the trial court to correct the sentencing minutes to reflect imposition of a $200 restitution fund fine (§ 1202.4) plus a 10 percent administrative penalty and a probation revocation fine of $200 (§ 1202.44).

3

(*Ibid.*) "When the defendant fails to waive the right . . . to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made." (*Id.*, subd. (b).) The court orders the defendant to pay the reasonable costs if it finds, based on the probation officer's report, he or she has the ability to pay them. (*Ibid.*)

In this case, while preparing the presentence investigation report, the probation officer contacted defendant by telephone to schedule an appointment, but because defendant asserted her Fifth Amendment privilege and refused to be interviewed, the report was completed without the benefit of defendant's input regarding either the facts of the offense or her personal financial status, and evidently without obtaining the knowing and intelligent waiver contemplated by section 1203.1b, subdivision (a). At sentencing, defense counsel acknowledged having received the presentence investigation report and raised no objection to it. The court generally followed the report's recommendations respecting fees and fines, of which defendant does not claim she lacked notice.[3] The record contains

---

**3** Preliminarily, we note that whether the sentencing court actually imposed specific presentence investigation and probation supervision fees may be debatable. After ordering defendant to report to the Department of Revenue within 30 days "for completion of a payment plan for the fines and fees that will be imposed in this case," the court stated: "The defendant is also ordered to pay . . . a presentencing investigation fee *not to exceed $300* under [section 1203.1b] of the Penal Code*; and a probation supervision fee which is *not to exceed $110 per month* also under that code." (Italics added.) Its order thus set an upper limit for the fees and apparently contemplated the possibility of further proceedings to fix their exact amount within defendant's ability to pay. For purposes of this opinion, we assume the court's order fixed the challenged fees.

no indication whether defendant reported to the Department of Revenue, as ordered, or ever asserted an inability to pay the expenses of probation.

" ' " '[A] constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' " (*McCullough*, *supra*, 56 Cal.4th at p. 593, quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881.) With certain exceptions,[4] a defendant generally must preserve claims of trial error by contemporaneous objection as a prerequisite to raising them on appeal. (See, e.g., Evid. Code, §§ 353 [erroneous admission of evidence], 354 [erroneous exclusion of evidence]; *People v. Williams* (2013) 58 Cal.4th 197, 289 [juror misconduct]; *People v. Collins* (2010) 49 Cal.4th 175, 198 [prosecutorial misconduct]; *People v. Mills* (2010) 48 Cal.4th 158, 170 [jury selection process]; *People v. Hinton* (2006) 37 Cal.4th 839, 898 [spectator misconduct]; *People v. Bolden* (2002) 29 Cal.4th 515, 556 [failure to give pinpoint instruction]; *People v. Simon* (2001) 25 Cal.4th 1082, 1086 [objections to venue]; *Scott*, *supra*, 9 Cal.4th at p. 352, fn. 15 [various procedural errors in sentencing].)

"In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 881.) We first applied the forfeiture rule in the sentencing context in *People v. Welch* (1993) 5 Cal.4th 228, 230 (*Welch*), where we held that objections to probation conditions are forfeited for appeal if not voiced at trial. We later held in *Scott*, *supra*, 9 Cal.4th at pages 351–356, that claims of error in the trial court's exercise of its

---

**4**    E.g., section 1259 (instructional error affecting substantial rights); *People v. Butler* (2003) 31 Cal.4th 1119, 1126 (sufficiency of evidence); *People v. Williams* (1999) 21 Cal.4th 335, 344 (statute of limitations); *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*) (unlawful sentence).

sentencing discretion are likewise forfeited if not raised at the sentencing hearing. Such errors are essentially factual, and thus distinct from " 'clear and correctable' " legal errors that appellate courts can redress on appeal "independent of any factual issues presented by the record at sentencing." (*Id.* at p. 354.) Most recently, we applied this principle in *McCullough, supra*, 56 Cal.4th at page 591, to hold that a defendant who fails to contest a booking fee under Government Code section 29550.2 when the trial court imposes it forfeits the right to challenge it on appeal.

Without expressly characterizing as "clear and correctable" legal error (*Scott, supra*, 9 Cal.4th at p. 354) what it viewed as the trial court's noncompliance with the procedural safeguards of section 1203.1b, the Court of Appeal below concluded such noncompliance is not subject to the forfeiture rule. The People contend the Court of Appeal erred because *McCullough* reflects a forfeiture rule of general applicability regarding appellate challenges to a trial court's finding of the defendant's ability to pay fees and fines in the amount ordered at sentencing. To treat such challenges as equivalent to questions of the sufficiency of the evidence of guilt, which are cognizable on appeal despite the lack of an objection below, the People argue, is to ignore the reasons why appellate courts apply the forfeiture rule to sentencing issues in general and questions of a defendant's ability to pay a fee or fine in particular.

As recognized in *McCullough*, "[p]ractically speaking, determining a defendant's ability to pay a fee is much less complex than is determining a defendant's sentence. In *Scott*, the defendant contended that 'a rule requiring a contemporaneous objection' was 'unrealistic' because counsel could not reasonably be expected to 'comprehend, remember, and respond to the various sentencing factors and choices delivered orally by the court at the hearing.' [Citation.] We agreed that 'pronouncement of sentence is a highly technical

6

process encompassing a wide variety of procedural and substantive matters.' [Citation.] Nevertheless, we determined that the requirement that a defendant contemporaneously object in order to challenge the sentencing order on appeal advanced the goals of proper development of the record and judicial economy. Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture [were equally relevant in the fee context,] we [saw] no reason [in *McCullough*] to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee under Government Code section 29550.2." (*McCullough*, *supra*, 56 Cal.4th at p. 599.)

Defendant distinguishes the present fees for the presentence investigation report and probation supervision from the booking fee we addressed in *McCullough*. She points out that, unlike Government Code section 29550.2, Penal Code section 1203.1b imposes an express procedural requirement of a knowing and intelligent waiver of the right to a court hearing on the defendant's ability to pay, and contends the lack of such a waiver is clear and correctable legal error cognizable on appeal despite the lack of a contemporaneous objection. (See *Welch*, *supra*, 5 Cal.4th at p. 235.) In *McCullough*, she observes, we distinguished the booking fee statute at issue in that case (Gov. Code, § 29550.2) from Penal Code section 1203.1b on the basis that the latter contains procedural safeguards absent from the former, reasoning that the case for forfeiture is "particularly strong" where the Legislature evidently deems a particular fine "de minimis" and prescribes no procedural safeguards or guidelines for its imposition. (*McCullough*, *supra*, 56 Cal.4th at p. 599.) The presence of those safeguards in section 1203.1b, she contends, requires a forfeiture rule different from that articulated in *McCullough*.

7

Notwithstanding the statute's procedural requirements, we believe to place the burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal is appropriate. Our reasoning in *Scott* applies by analogy here. "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Scott*, *supra*, 9 Cal.4th at p. 353.) In the context of section 1203.1b, a defendant's making or failing to make a knowing and intelligent waiver occurs before the probation officer, off the record and outside the sentencing court's presence. Although the statute contemplates that when the defendant fails to waive a court hearing, the probation officer will refer the question of the defendant's ability to pay probation costs to the court, the defendant—or his or her counsel—is in a better position than the trial court to know whether the defendant is in fact invoking the right to a court hearing. In *Scott* the existence, per se, of procedural safeguards in the sentencing process, such as the right to counsel and to present evidence and argument, did not prevent us from holding the forfeiture rule should apply with respect to the trial court's discretionary sentencing choices. The same conclusion follows with respect to the imposition of the fees challenged here.[5]

Counsel in this case presumably was aware of the knowing and intelligent waiver requirement and was in a position to advise defendant of the nature of the rights the statute contemplated she would be requested to waive. Defendant, who chose not to provide information regarding her financial status to the probation

[5]  *People v. Pacheco*, *supra*, 187 Cal.App.4th 1392 is further disapproved to the extent it is inconsistent with this opinion.

8

officer, has never claimed a lack of notice of the amounts of the fees the court might impose. Represented by counsel, defendant made no objection at sentencing to the amount of probation-related fees imposed or the process, or lack thereof, by which she was ordered to pay them; nor does the record contain any indication defendant later raised the question of her ability to pay in the probation department or the sentencing court. No reason appears why defendant should be permitted to appeal the sentencing court's imposition of such fees after having thus tacitly assented below.

We have acknowledged that the forfeiture doctrine has no application to the "prophylactic advisements of applicable federal constitutional rights given a defendant before his or her guilty plea is taken, which 'helps ensure that the "constitutional standards of voluntariness and intelligence are met." ' " (*People v. Palmer* (2013) 58 Cal.4th 110, 116; see *Boykin v. Alabama* (1969) 395 U.S. 238, 243 (*Boykin*) [" 'We cannot presume a waiver of these three important federal rights [against compulsory self-incrimination, to trial by jury, and to confront one's accusers,] from a silent record.' "].) Our decision today does not disturb such settled exceptions to our forfeiture doctrine or suggest that knowing and intelligent waiver rights may generally be forfeited by a mere failure to object. Rather, the knowing and intelligent waiver at issue in this case is unusual. Knowing and intelligent waivers are generally required when a criminal defendant gives up "any significant right" (*People v. Johnson* (2002) 28 Cal.4th 1050, 1055), such as the constitutional rights relinquished by a plea of guilty (see *Boykin*, *supra*, at p. 243), the right to counsel (*Faretta v. California* (1975) 422 U.S. 806, 835 (*Faretta*); § 987), and the right to appeal (*People v. Panizzon* (1996) 13 Cal.4th 68, 80). Here, no comparably significant right is at stake. Defendant has not argued that any core autonomy interests or constitutional rights are implicated

9

by the waiver of a judicial hearing on a defendant's ability to pay, and no similar waiver is required for any of the analogous sentencing fines and fees.

In other contexts, the active participation of the trial judge is encouraged to ensure that the record adequately reflects a valid waiver of an important constitutional right. As the high court reasoned in *Boykin*, *supra*, 395 U.S. at pages 243–244, "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought [citations], and forestalls the spin-off of collateral proceedings that seek to probe murky memories." (Fn. omitted.) In *Boykin*, the high court further made clear that a silent record does not suffice to find a knowing and intelligent waiver. (*Id.* at p. 243.) Similarly, *Faretta* requires advisements prior to a defendant's knowing and intelligent waiver of the right to counsel "so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " (*Faretta*, *supra*, 422 U.S. at p. 835.)

In this case, such momentous rights are not at stake, and the legislative scheme contemplates that the probation officer's advisements and defendant's waiver of the right to a hearing will take place off the record, in the probation department. (§ 1203.1b, subd. (a).) Thus, unlike cases in which either statute or case law requires an affirmative showing on the record of the knowing and intelligent nature of a waiver, in this context defendant's counsel is in the best position to determine whether the defendant has knowingly and intelligently waived the right to a court hearing. It follows that an appellate court is not well positioned to review this question in the first instance.

Our conclusion finds further support in the Court of Appeal's decision in *People v. Valtakis* (2003) 105 Cal.App.4th 1066. In *Valtakis*, the appellate court addressed the same question of appellate forfeiture of a claim of noncompliance with the procedural protections of section 1203.1b that we confront in this case and found the claim forfeited. Tracing the history of the statute, *Valtakis* concluded the 1995 amendment adding the knowing and intelligent waiver requirement apparently represented the Legislature's response to *People v. Phillips* (1994) 25 Cal.App.4th 62, which had rejected a defendant's argument that the trial court denied him due process by requiring him to pay probation costs without holding a hearing on those issues *separate* from other sentencing issues. (*Valtakis*, *supra*, at pp. 1073–1074.) *Valtakis* concluded the amendment was intended to create an antiwaiver rule *at the trial court level*, but found no basis for assuming the Legislature intended to override our then-recent decisions in *Welch*, *supra*, 5 Cal.4th 228, and *Scott*, *supra*, 9 Cal.4th 331, which, as discussed above, had required the defense to object at trial as a prerequisite to mounting an appellate challenge to discretionary sentencing choices. (*Valtakis*, *supra*, at pp. 1074–1075.) Our own review of legislative history materials relating to the 1995 amendment yields no different conclusion.

A defendant who by forfeiture of a hearing is precluded from raising on appeal the issue of ability to pay probation-related fees is not wholly without recourse. In addition to conducting hearings on the initial probation-related fee payment determination, "[t]he court may hold additional hearings during the probationary or conditional sentence period to review the defendant's financial ability to pay the amount, and in the manner, as set by the probation officer, . . . or as set by the court pursuant to" section 1203.1b. (§ 1203.1b, subd. (c).) Likewise, during the pendency of the judgment rendered under section 1203.1b, the defendant "may petition the probation officer for a review of [his or her] financial

ability to pay or the rendering court to modify or vacate its previous judgment on the grounds of a change of circumstances with regard to the defendant's ability to pay the judgment." (*Id.*, subd. (f).) The sentencing court as well as the probation officer thus retains jurisdiction to address ability to pay issues throughout the probationary period. Although the sentencing hearing is, in general, the proper time for a defendant to assert all available procedural and factual contentions relating to the trial court's sentencing choices, in an appropriate case a defendant's discovery of trial counsel's failure properly to advise the defendant, before the sentencing hearing, of the requirement of a waiver of a court hearing on ability to pay probation costs may constitute a change of circumstances supporting a postsentencing request for such a hearing.

## DISPOSITION

The judgment of the Court of Appeal is affirmed to the extent it ordered the trial court to correct the sentencing minutes and reversed in all other respects, and the case is remanded for further proceedings consistent with this opinion.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**BAXTER, J.**\*
**FRANSON, J.**\*\*

---

\* Retired Associate Justice of the Supreme Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

\*\* Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Trujillo

_____

**Unpublished Opinion** XXX NP opn. filed 8/22/13 – 6th Dist.
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S213687
**Date Filed:** January 12, 2015

_____

**Court:** Superior
**County:** Santa Clara
**Judge:** Linda R. Clark

_____

**Counsel:**

Randall Conner, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Catherine A. Rivlin and Gregg E. Zywicke, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Randall Conner
160 Franklin Street, Suite 210
Oakland, CA 94607
(510) 709-4066

Gregg E. Zywicke
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 703-5961