Filed 4/17/15  P. v. Orozco CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW JOSEPH OROZCO,<br><br>    Defendant and Appellant. | H041009<br>(Santa Clara County<br>Super. Ct. No. C1235740) |

Defendant Andrew Joseph Orozco pleaded no contest to infliction of corporal injury on a spouse or cohabitant (Pen. Code, § 273.5, subd. (a))[1] and criminal threats (§ 422).  He was placed on probation and ordered to pay a number of fees and fines, including a $450 presentence investigation fee and a probation supervision fee "not to exceed" $50 per month.  (See § 1203.1b.)

In his opening brief, defendant argued that the trial court erred by ordering him to pay the presentence investigation fee and probation supervision fee without any determination of his ability to pay those fees, without a waiver of his right to a hearing on ability to pay, and without substantial evidence of his ability to pay.  Defendant acknowledged that he had not objected below to the imposition of these fees, but he argued that he did not thereby forfeit his appellate challenge.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

However, as defendant acknowledges in his reply brief, his argument has been foreclosed by the recent decision in *People v. Trujillo* (2015) 60 Cal.4th 850, which concluded it is appropriate "to place the burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal. . . ." (*Id.* at p. 858.) Defendant concedes that based on *Trujillo,* we must determine that he forfeited his challenge to the presentence investigation fee and probation supervision fee. We will therefore affirm the judgment.

Appellate counsel has filed a petition for writ of habeas corpus, which this court ordered considered with the appeal. We have disposed of the habeas petition by separate order filed this day. (See Cal. Rules of Court, rule 8.387(b)(2)(B).)

## DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
MÁRQUEZ, J.