Filed 6/30/15  P. v. Gunther CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEROY NOBLE GUNTHER, JR.,<br><br>Defendant and Appellant. | F067841<br><br>(Super. Ct. No. F12909771)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Franson, J. and Peña, J.

Defendant Leroy Noble Gunther, Jr., was convicted by no contest plea of committing a lewd act upon a 14-year-old child when defendant was at least 10 years older than the victim (Pen. Code, § 288, subd. (c)(1)).[1]  The trial court sentenced him to two years in prison and imposed various fines and fees, including a $296 fee for the presentence probation report pursuant to section 1203.1b.  On appeal, defendant contends remand is required because the trial court failed to determine his ability to pay the presentence probation report fee.  The People respond that defendant forfeited his claim by failing to raise it below.  The forfeiture issue has been resolved by the California Supreme Court since the parties submitted their briefs in this case.  Accordingly, we affirm.

Section 1203.1b sets forth the procedure a trial court must follow before it may impose a fee for presentence probation costs.  First, the court must order the defendant to report to the probation officer, who will then determine the defendant's ability to pay. (§ 1203.1b, subd. (a).)  After the probation officer determines the amount the defendant can pay, the probation officer must inform the defendant that he is entitled to a hearing, during which the court will determine the defendant's ability to pay and the payment amount.  (*Ibid.*)  Section 1203.1b entitles the defendant to representation by counsel during this hearing.  The defendant may waive his right to a hearing, but he must do so knowingly and intelligently.  (*Ibid.*)  If the defendant fails to waive his right to the hearing, the probation officer must refer the matter back to the trial court, and the trial court will determine the defendant's ability to pay.  (§ 1203.1b, subd. (b).)

It is now settled that a defendant who fails to challenge the imposition of fees pursuant to section 1203.1b before the trial court forfeits the claim on appeal.  In the recent case of *People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*), the Supreme Court stated:  "Notwithstanding the statute's procedural requirements, we believe to place the

---

[1]    All statutory references are to the Penal Code.

burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal is appropriate." (*Id.* at p. 858.)  The court explained:  "Our reasoning in [*People v. *]*Scott* [(1994) 9 Cal.4th 331] applies by analogy here.  'Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.  Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention.'  (*Scott, supra,* 9 Cal.4th at p. 353.)  In the context of section 1203.1b, a defendant's making or failing to make a knowing and intelligent waiver occurs before the probation officer, off the record and outside the sentencing court's presence.  Although the statute contemplates that when the defendant fails to waive a court hearing, the probation officer will refer the question of the defendant's ability to pay probation costs to the court, the defendant—or his or her counsel—is in a better position than the trial court to know whether the defendant is in fact invoking the right to a court hearing.  In *Scott* the existence, per se, of procedural safeguards in the sentencing process, such as the right to counsel and to present evidence and argument, did not prevent us from holding the forfeiture rule should apply with respect to the trial court's discretionary sentencing choices.  The same conclusion follows with respect to the imposition of the fees challenged here." (*Trujillo, supra,* 60 Cal.4th at p. 858, fn. omitted.)

In reaching its conclusion, the California Supreme Court noted that important constitutional rights are not at stake in this case.  "Thus, unlike cases in which either statute or case law requires an affirmative showing on the record of the knowing and intelligent nature of a waiver, in this context defendant's counsel is in the best position to determine whether defendant has knowingly and intelligently waived the right to a court

3.

hearing. It follows that an appellate court is not well positioned to review this question in the first instance." (*Trujillo, supra,* 60 Cal.4th at p. 860.)[2]

Based on *Trujillo*, we conclude defendant has forfeited his challenge to the trial court's imposition of probation report costs.

## **DISPOSITION**

The judgment is affirmed.

---

[2] The court noted, however, that a defendant raising this issue is not wholly without recourse. The court set forth numerous methods by which a defendant could have this issue addressed by the probation department or sentencing court. (See *Trujillo, supra,* 60 Cal.4th at pp. 860-861.)