Filed 3/18/21  P. v. Harris CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C088730 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF02288) |
| v. | OPINION ON TRANSFER |
| CLARENCE EDWARD HARRIS, | |
| Defendant and Appellant. | |

Defendant Clarence Edward Harris pleaded no contest to possession of a controlled substance with a firearm and was placed on three years' probation.  On appeal, he challenges the electronics search term imposed for probation, contending the condition is facially overbroad.  He also asserts court-imposed fines and fees should be stricken because he has no ability to pay them, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  In our original opinion, we rejected both contentions and affirmed.  Thereafter, the Supreme Court granted defendant's petition for review and

1

ultimately transferred the matter to this court with directions to vacate our prior decision and reconsider the cause in light of Assembly Bill No. 1950 (2019-2020 Reg. Sess.). In light of Assembly Bill No. 1950, we shall reverse the three-year term of probation and the court on remand must impose a term of probation not to exceed two years.

BACKGROUND

Narcotics investigators searched defendant, his vehicle, and a passenger during a traffic stop while defendant was on probation. The investigators found heroin, counterfeit and real cash, pills, a firearm, ammunition, and drug paraphernalia. Investigators also found several cell phones which were later shown to have text messages indicative of drug sales.

Defendant was charged with four felony counts: concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(3)), possession for sale of a controlled substance (Health & Saf. Code, § 11351), sale/transportation/offering to sell a controlled substance (Health & Saf. Code, § 11352, subd. (a)), and possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). Defendant pleaded no contest to possession with a firearm and the prosecution dismissed the three remaining counts.

At sentencing, the court suspended imposition of sentence and granted three years' probation. Under special conditions of probation No. 65 (Probation Condition 65), defendant provided consent for any law enforcement agency to seize and examine electronic data stored in devices owned, operated, or controlled by defendant.[1] The court

---

[1] Probation Condition 65 stated in full: "The defendant provides specific consent within the meaning of P.C. § 1546 to any law enforcement agency seeking information provided by the California Electronic Communication Protection Act. This includes consent to seize and examine call logs, texts and voicemail messages, photographs and emails, contained on any device or cloud or internet connected storage owned, operated, or controlled by the defendant, including but not limited to cell phones, computers, computer hard drives, laptops, gaming consoles, mobile devices, tablets, storage media devices, thumb drives, Micro SD cards, external hard drives, or any other electronic

imposed mandatory fines and fees:  a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations assessment (Pen. Code, § 1465.8).  It also imposed probation supervision fees of $164 per month for the three-year probation term.  But it found defendant had no ability to pay the drug program fee, presentence investigation report, or the public defender fees.  Defendant objected to the imposition of any fines and fees on the basis of his inability to pay.  The court noted the objection but also noted it imposed only the mandatory minimum set by the Legislature.  Defendant did not make any other objections.

DISCUSSION

I

*Electronics Search Condition*

Defendant first argues using text messages for narcotics transactions cannot justify the broad electronics search probation condition allowing a search of all applications on all electronic devices under defendant's control.  He asserts Probation Condition 65 must be modified or stricken because it is facially overbroad and unconstitutional when applied to his case.  This condition also violates the privacy rights of third parties who may interact with defendant and therefore be subject to warrantless searches.  We disagree and conclude he forfeited these claims by failing to raise the issues at sentencing.

Challenges to probation conditions ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited.  (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.)  Because defendant did not object to Probation Condition 65 in the trial court, he has forfeited his ability to challenge both the probation

---

storage devices, by whatever law enforcement agency is seeking the information.  The defendant shall also disclose any and all passwords, passcodes, password patterns, fingerprints, or other information required to gain access into any of the aforementioned devices."

condition's reasonableness and any claim concerning its constitutionality as applied to him. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) However, a defendant who did not object to a probation condition at sentencing may raise a challenge to that condition on appeal if that claim "amount[s] to a 'facial challenge,' " i.e., a challenge that the "phrasing or language . . . is unconstitutionally vague and overbroad" (*id.* at p. 885), that is, a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Id.* at p. 889.) Such a claim "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts." (*Id.* at p. 885.)

Defendant's facial overbreadth challenge does not overcome his failure to challenge the search term at sentencing. In a facial overbreadth challenge to an electronics search condition, the issue is whether the search condition, in the abstract, and not as applied to the particular probationer, is insufficiently narrowly tailored to the state's legitimate interest in reformation and rehabilitation of probationers *in all possible applications*. (*Sheena K., supra*, 40 Cal.4th at p. 885.) The answer here is "no." Electronics search conditions are not categorically invalid. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128.) Thus, although application of this search condition could be constitutionally overbroad as applied to certain probationers, in other circumstances it may be entirely appropriate and constitutional. The criminal offense or the defendant's personal history may provide a sufficient basis on which to conclude the condition is a proportional means of deterring future criminality. (*Id.* at pp. 1128-1129.) In those cases, the imposition of such probation conditions would be constitutional. Because there could be circumstances in which such a condition was appropriate, we reject any claim that Probation Condition 65 is facially overbroad.

Defendant also contends a search of his electronic devices is significantly overbroad because it can implicate the privacy interests of third parties. Defendant also failed to raise this issue in the trial court and has therefore forfeited the argument on

4

appeal.  (*Sheena K., supra*, 40 Cal.4th at p. 881; see *People v. Trujillo* (2015) 60 Cal.4th 850, 856.)  Defendant has not developed any record that would demonstrate a burden on third parties based on the electronics search condition at issue here.

## II

### *Fines and Fees*

Defendant next argues we must strike all fines and fees in light of *Dueñas, supra*, 30 Cal.App.5th 1157.  Though the court waived some of the fines and fees because it found he had no ability to pay them, defendant asserts this should have been extended to all fees.  We again disagree and affirm.

Defendant's argument is based on the recent *Dueñas* decision.  In *Dueñas, supra*, 30 Cal.App.5th 1157, an indigent and homeless mother of young children was trapped in a cycle where she could not pay the fees to reinstate a suspended driver's license and incurred additional fines and fees associated with misdemeanor convictions for driving with a suspended license that she could not afford to pay.  (*Id.* at p. 1161.)  After pleading no contest to another misdemeanor charge of driving with a suspended license, Dueñas requested the trial court conduct an ability to pay hearing, at which the court determined that she lacked the ability to pay attorney fees for representation by a public defender (Pen. Code, § 987.8, subd. (b)) and waived these fees.  (*Dueñas*, at p. 1163.)  Nonetheless, the court imposed assessments and a minimum restitution fine.  (*Ibid.*)

The appellate court held "the assessment provisions of Government Code section 70373 and Penal Code section 1465.8, if imposed without a determination that the defendant is able to pay, are . . . fundamentally unfair; imposing these assessments upon indigent defendants without a determination that they have the present ability to pay

5

violates due process under both the United States Constitution and the California Constitution." (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.)[2]

As for the restitution fine under Penal Code section 1202.4, the statute prohibits a trial court from considering a defendant's ability to pay unless the fine exceeds the statutory minimum amount. (Pen. Code, § 1202.4, subds. (b)(1), (c).) The court in *Dueñas* held that the statute violates due process. (*Dueñas, supra*, 30 Cal.App.5th at p. 1171.)[3]

We also lament the plight of indigent defendants who, like Dueñas, find themselves trapped in a set of unfortunate circumstances created by the imposition of fines and fees they cannot afford to pay. Though the seeds of their predicament were sowed by their own misconduct, it may nonetheless seem unfair that those with money can avail themselves of opportunities and avoid consequences that the poor cannot. But the constitutionality of a fine or fee does not rest on whether it seems unfair. As pointed out in *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted November 26, 2019, S258946, the Constitution has been held to bar the imposition of financial exactions on the impecunious only in limited circumstances when to do so "would otherwise preclude criminal and civil litigants from prosecuting or defending lawsuits or from having an appellate court review the propriety of any judgment," or when the failure to pay would result in the incarceration of persons lacking the ability to pay. (*Hicks*, at p. 325.)

We agree with *Hicks*' explication of the constitutional principles on which *Dueñas* relies and therefore disagree with the holding in *Dueñas*. The imposition of fines and

---

[2] The court acknowledged "case law in this area historically has drawn on both due process and equal protection principles." (*Dueñas, supra*, 30 Cal.App.5th at p. 1168, fn. 4.)

[3] The court also acknowledged that in this context due process and the constitutional ban on excessive fines are similar in application. (*Dueñas, supra*, 30 Cal.App.5th at p. 1171, fn. 8.)

fees in this case does not compromise defendant's constitutional right of access to the courts nor will it result in any additional incarceration, and thus no liberty interest protected by due process is implicated. Indigency is not a defense to criminal sanctions and does not warrant the relief sought here.

III

*Assembly Bill No. 1950*

While this appeal was pending, Assembly Bill No. 1950 (Stats. 2020, ch. 328) went into effect. That bill changed the permissible length of probation under Penal Code section 1203.1 for felony cases to a maximum of two years and under Penal Code section 1203a in misdemeanor cases to a maximum of one year. The two-year limit for felony cases does not apply to certain offenses not applicable here. (Pen. Code, § 1203.1, subd. (m).)

Defendant contends remand is necessary for the trial court to modify his probation and the People do not contest Assembly Bill No. 1950's modifications apply to cases not yet final on appeal. Because the new law mitigates punishment and there is no savings clause, it operates retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 748; *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964 [finding Assem. Bill No. 1950 is "an ameliorative change . . . that is subject to the *Estrada* presumption of retroactivity. The Legislature did not include a savings clause or other clear indication that the two-year limitation applies on a prospective-only basis"]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 [same].) "Accordingly, defendant is entitled to seek a reduced probation term on remand under Assembly Bill No. 1950." (*Sims*, at p. 964.)

7

DISPOSITION

The judgment, to the extent it imposes a three-year grant of probation, is reversed, and the court is ordered on remand to resentence defendant to no more than two years of probation. The judgment is otherwise affirmed.


_____/s/_____
RAYE, P. J.


We concur:


_____/s/_____
BLEASE, J.


_____/s/_____
KRAUSE, J.

8