Filed 10/27/21  P. v. Xiong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093103 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF02785) |
| v. | |
| SOU XIONG, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant Sou Xiong appeals the imposition of fines and fees without an ability to pay hearing.  Recognizing trial counsel did not object to the imposition of these fines and fees, despite the fact that sentencing occurred after the publication of *Dueñas*, defendant also contends the failure to object was ineffective assistance of counsel.  We conclude his counsel was not constitutionally ineffective and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

The facts underlying defendant's conviction are not relevant to the appeal. It suffices to say defendant pleaded no contest to assault by means of force likely to cause great bodily injury. (Pen. Code, § 245, subd. (a)(4)).[1] The trial court sentenced defendant to the upper term of four years in prison. The court further imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). Defense counsel did not object and did not request an ability to pay hearing. Defendant appealed.

Pursuant to section 1237.2, defendant moved for the trial court to stay the fines and fees pending an ability to pay hearing. The trial court denied the request.

DISCUSSION

Defendant contends that his fines must be stayed pending a hearing on his ability to pay. He further argues that the restitution fee was unconstitutionally excessive in violation of the Eighth Amendment and equal protection principles. To the extent defendant forfeited his challenge to the fines and fees by failing to raise the issue in the trial court, defendant contends his counsel was constitutionally ineffective. We conclude defendant forfeited his claims on appeal and defendant's counsel was not constitutionally ineffective for failing to raise the issue in the trial court.

It is a longstanding and well-recognized rule that a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [same].) This is true regardless of whether a defendant's ability to pay claims are constitutional in nature. (See *People v.*

---

[1] Undesignated statutory references are to the Penal Code.

*Trujillo* (2015) 60 Cal.4th 850, 859 [the constitutional nature of the defendant's claim regarding her ability to pay did not justify a deviation from the forfeiture rule].)

Here, defendant was sentenced on October 28, 2020, close to two years after the January 8, 2019, filing of *Dueñas*. (*People v. Dueñas, supra*, 30 Cal.App.5th 1157.) Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

Nor has defendant established that his counsel was ineffective for failing to object. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland,* at pp. 693-694; *Ledesma,* at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland,* at p. 694; accord, *Ledesma,* at p. 218.) Here, defendant cannot show his counsel was ineffective because he cannot show prejudice.

In this case, the trial court had the opportunity to consider defendant's *Dueñas* claims under the section 1237.2 motion. The court denied the motion. As a result of this consideration and denial, defendant cannot demonstrate that he was prejudiced by counsel's failure to object at the sentencing hearing.

3

## DISPOSITION

The judgment is affirmed.

                                        _____/s/_____

                                        Duarte, J.

We concur:

_____/s/_____
Blease, Acting P. J.

_____/s/_____
Robie, J.