Filed 5/19/22  P. v. Mora CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MYTCHELL MORA,<br><br>    Defendant and Appellant. | B312126<br><br>Los Angeles County<br>Super. Ct. No. MA075234 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa Mangay Chung, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Mytchell Mora seeks reversal of a judgment arising from his no contest plea. He contends the trial court improperly deprived him of his attorney of choice at his arraignment. Mora accepted appointed counsel at the arraignment and did not challenge this arrangement until afterwards. We affirm.

Police arrested Mora on December 5, 2018. Mora allegedly had threatened the lives of a police sergeant and the sergeant's family. A complaint charged him with three counts of stalking and 14 counts of making criminal threats.

Mora's arraignment was the day after his arrest. It was quick: Mora appeared with a deputy public defender who announced his appearance "for Mr. Mora." Counsel then waived "formal reading and advisal" and entered a not guilty plea and denials. Mora raised no objection and in fact said nothing. The trial court noted Mora's probation would remain revoked, set a joint probation violation hearing and preliminary hearing, and concluded the session. (Later-appointed counsel explained Mora was on probation in another case for the identical offense against the identical victims.)

Mora then did several about-faces.

A minute order shows a private attorney substituted in the case roughly two weeks after the arraignment. Soon after, Mora sought to represent himself, and the court granted his request in late January 2019. Mora filed numerous motions on his own behalf in the ensuing months.

Midway during the May 2019 preliminary hearing, Mora asked for a public defender. The court appointed counsel, who finished the hearing. This counsel eventually sought to be

2

relieved, and Mora sought to represent himself. The court granted these requests in September 2019.

One of the many motions Mora filed on his own behalf was a motion to dismiss challenging his arraignment, dated *April 2020*. Mora also made later filings claiming he never was arraigned and was not even in court that day.

In February 2021, Mora pleaded no contest to one stalking count and one criminal threats count. The trial court sentenced him to four years in prison but then released him on parole due to credits.

After the court entered judgment, Mora sought a certificate of probable cause to overturn it. Mora twice has asked for new counsel on appeal.

Mora's appeal raises a lone claim: whether the trial court improperly denied Mora counsel of choice at the arraignment.

Mora forfeited this claim. He had counsel at his arraignment. If he wanted other counsel to represent him, he had to say so then. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856 [rights are subject to forfeiture absent their timely assertion].) If it were otherwise, all criminal defendants could take their chances on reaching a favorable plea agreement or verdict, on the government's dollar, and avoid any ultimate adverse result by claiming an earlier desire for other counsel.

Contrary to Mora's argument, it would not have been improper or futile for him to speak up.

Mora claims a violation of Penal Code section 987, saying it required the courts to advise him of his right to counsel and this was not done. This statute is not pertinent because it applies only to defendants who appear at an arraignment "without counsel." Mora had counsel.

3

Mora seems to suggest the trial court at the arraignment was on notice he wanted private counsel. He relies on evidence accompanying some of his belated filings, notably a police narrative and a related excerpt of a transcript showing Mora told a detective he "would like to talk to my attorney" and he "was trying to contact him, but no one let me make my phone calls." The detective said he guessed Mora would be assigned to an attorney soon when he got to court and would be free to talk to him then. Mora answered, "Okay." "All right?" the detective asked. Mora responded, "Thank you" and then said he had no questions: "that'll be it."

Mora told the judge nothing about an attorney. He instead remained silent and permitted the public defender to speak for him. This inaction forfeited Mora's claim.

Mora's opening brief also claims "it appears that appellant had no consultation with the deputy public defender" before the court appearance, "[n]othing even indicates" they ever spoke, and "there is nothing to show" that Mora was aware of the charges or his rights or that he wanted to enter the initial not guilty plea. Mora does not argue to us he did not know the charges or his rights. He has not asked us to decide whether any plea was involuntary. Nor does he assert he would have entered a different plea at that stage, with or without other counsel. In this situation, Mora has no basis for disturbing the judgment.

## DISPOSITION

We affirm the judgment.

WILEY, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.*

---

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5