Filed 11/14/23  P. v. Payne CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097378 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF202172) |
| v. | |
| SHIRELLE ELIZABETH PAYNE, | |
| Defendant and Appellant. | |

After pleading no contest to burglary and possession of paraphernalia, defendant Shirelle Elizabeth Payne was ordered to pay various assessments and fines totaling $410. On appeal, defendant argues that the assessments must be stayed pending an ability-to-pay hearing and that the restitution fine was unconstitutional.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2020, defendant was discovered outside a warehouse in possession of someone else's violin and boots.  The owner of these items took them back from defendant and called the police.  When the police contacted defendant, they determined that she was under the influence and in possession of methamphetamine pipes.

1

The People charged defendant with second degree robbery (Pen. Code,[1] § 211), burglary (§ 459), and possession of paraphernalia (Health & Saf. Code, § 11364).

On March 9, 2022, defendant pleaded no contest to burglary and possession of paraphernalia. After defendant failed to appear for sentencing, the court sentenced defendant to the upper term of three years for the burglary conviction with a concurrent term of six months for possession of paraphernalia. The court also ordered defendant to pay a $300 restitution fine (§ 1202.4) with an additional suspended $300 parole revocation restitution fine (§ 1202.45), a $40 fine pursuant to section 1202.5, a $40 court operations assessment (§ 1465.8), and a $30 Government Code section 70373 conviction assessment.

Defendant timely filed a notice of appeal. Pursuant to section 1237.2, defendant requested the trial court stay the challenged assessments and restitution fine pending an ability-to-pay hearing. The trial court denied the request.

DISCUSSION

Defendant contends that the assessments imposed under section 1465.8 and Government Code section 70373 must be stayed pending an ability-to-pay hearing as set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157. She also argues that imposing a restitution fine without consideration of defendant's ability to pay violates the Eighth Amendment to the United States Constitution and the equal protection provisions of the United States Constitution and the California Constitution.

The People submit that defendant has forfeited all claims by failing to raise them below. We agree. A defendant who does not object to the fines and assessments imposed, and does not assert in the trial court the right to a hearing on the ability to pay, forfeits the issue on appeal. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053.) This is true even though some of defendant's claims are constitutional in character. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

---

[1] Undesignated statutory references are to the Penal Code.

Anticipating this conclusion, defendant asserts that trial counsel's failure to object amounts to ineffective assistance of counsel. On direct appeal, a judgment will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Here, the record does not affirmatively establish that defendant lacked the ability to pay the fines and assessments imposed. Nor does the record disclose that counsel had no tactical purpose in declining to request a hearing on the ability to pay. In fact, it is possible that defendant's trial counsel had information regarding defendant's resources that does not appear in the record and decided, based on that information, that an ability-to-pay hearing was unwarranted. Accordingly, we reject defendant's claim.

DISPOSITION

The judgment is affirmed.

_/s/_____
Wiseman, J.*

We concur:

_/s/_____
Mauro, Acting P. J.

_/s/_____
Renner, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.