Filed 6/12/25  P. v. Edwards CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY MONQUALLI EDWARDS,<br><br>        Defendant and Appellant. | B335150<br><br>(Los Angeles County Super. Ct. No. NA071546) |

APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

In 2007, a jury found defendant and appellant Anthony Edwards (defendant) guilty of robbery, forgery, and burglary; the trial court found true several associated sentencing enhancements, including a one-year prior prison term enhancement (Pen. Code,[1] § 667.5, subd. (b)) and three five-year prior serious felony conviction enhancements (§ 667, subd. (b)). More recently, the trial court struck the prior prison term enhancement pursuant to section 1172.75 and, in holding the full resentencing that statute requires when doing so, declined to strike the other aforementioned enhancements it previously imposed.  Defendant asks us to decide this was error for a reason he did not raise in the trial court, namely, because the trial court purportedly misunderstood the law when assessing whether to dismiss the prior serious felony conviction enhancements.

## I.  BACKGROUND

In 2007, defendant was charged with one count of second degree robbery against Maria Viteri (Viteri) (count 1), one count of forgery for forging a check from Viteri's Washington Mutual account (count 2), and one count of second degree commercial burglary for entering a Washington Mutual Bank with the intent to commit larceny (count 3).  The information also included multiple sentencing allegations, including several prior "strike" convictions under the Three Strikes law.

After trial, a jury found defendant guilty on all three charged counts.  The trial court found prior conviction sentencing allegations true, including the aforementioned three prior serious

---

[1]     Undesignated statutory references that follow are to the Penal Code.

felony conviction allegations and the aforementioned prior prison term allegation. The trial court imposed an aggregate 66 years to life prison sentence: two 25 years to life terms (consecutive) pursuant to the Three Strikes law (the sentence on the burglary conviction was stayed pursuant to section 654), 15 years for the prior serious felony conviction enhancements, and one year for the prior prison term enhancement.

In 2022, the Secretary of the Department of Corrections and Rehabilitation identified defendant as a person potentially serving a term for a judgment that included a legally invalid prison prior under Penal Code section 1172.75.[2] The trial court appointed counsel for defendant.

In October 2023, defendant filed a resentencing memorandum asking the trial court to strike his section 667.5, subdivision (b) enhancement and: strike and recall two of

---

[2] That statute provides, in pertinent part: "(a) Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid. [¶] (b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . . [¶] . . . [¶] (c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

3

defendant's 25 years to life sentences, maintain its earlier determination to stay the 25 years to life sentence on the burglary conviction, and resentence defendant to a determinate term of 8 years. Defendant contended the relief beyond striking the prior prison term enhancement was warranted under prevailing law governing striking or dismissing enhancements in furtherance of justice given his current age (61 years old), his service of 17 years on his existing sentence, and his positive prison record.

At the October 2023 resentencing hearing, the parties submitted without additional argument. The trial court ruled defendant's prior prison term enhancement was ordered stricken. The court also acknowledged it had discretion to strike the section 667, subdivision (a) prior serious felony conviction enhancements, but declined to do so because it found "[t]here is no justification to warrant striking the enhancement[s]."

The trial court declined to strike any of the Three Strikes law prior conviction allegations, but it ruled defendant's forgery conviction would be "treated as a second[ ]strike offense under the new Three[ ]Strikes law" and result in a consecutive six-year sentence (three years, doubled). The new aggregate sentence was therefore 46 years to life in prison: 25 years to life for the robbery conviction, 6 years for the forgery conviction, and 15 years for the three prior serious felony conviction enhancements. The court maintained the section 654 stay of sentence on the burglary conviction. Defendant did not object to the new sentence imposed or the trial court's articulation of its reasons for imposing that sentence.

4

## II.  DISCUSSION

Defendant contends reversal is required because the trial court did not say it considered whether striking the serious prior felony conviction enhancements would endanger public safety under section 1385, subdivision (c)(2) at the time of defendant's possible future release from custody (remarking more generally instead that there was "no justification to warrant striking the enhancement[s]").[3]  We hold this argument is forfeited because it was not raised below, either before or after the trial court announced the sentence that would be imposed.

"'In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law.' [Citation.]" (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)  "[In] *People v. Scott* (1994) 9 Cal.4th 331 [ ], [our Supreme Court held that] a defendant

---

[3]      Section 1385, subdivision (c)(2) provides that in exercising its discretion to strike or dismiss an enhancement, a court "shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" elsewhere enumerated in the statute are present.  The statute further provides that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)  One reviewing court has held that a trial court erred under this statute when it considered only whether the defendant "*currently* posed a danger to the public when assessing if a dismissal of the firearm enhancement would 'endanger public safety'" rather than also considering "the date on which [the defendant] could be released if the firearm enhancement was dismissed and the fact that the release would be subject to a review by the Board of Parole Hearings and the Governor." (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 230-231.)

forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below.  [Citations.]"  (*People v. Wall* (2017) 3 Cal.5th 1048, 1075.)  That is the case here.  There was no objection or argument below that the trial court must, on the record, expressly consider defendant's "future dangerousness," or whether striking the prior serious felony conviction enhancements would unjustifiably endanger public safety at the time of his eventual release (if any).

It is no response, as defendant argues, that the portion of his resentencing memorandum arguing his initial sentence was no longer in the interests of justice (because of his age, the amount of time he already served, and his behavior while in custody) was adequate to raise the point he now argues on appeal.  The resentencing memorandum's discussion would not have alerted the trial court to any need to articulate whether dismissing the prior serious felony conviction enhancements would put public safety at risk if defendant were released from custody earlier than he would be if the enhancements were reimposed.  Moreover, when it was indisputably clear at the resentencing hearing that the trial court did not undertake the express consideration defendant now says was necessary, defendant still did not object.  The absence of any objection or argument on the specific ground now advanced on appeal results in forfeiture. (See, e.g., *People v. Pearson* (2013) 56 Cal.4th 393, 416 [a "defendant's failure to make a timely and specific objection on the ground he now raises forfeits the claim on appeal"].)

Defendant alternatively argues his attorney was constitutionally ineffective by failing to raise the forfeited argument.  To establish ineffective assistance of counsel, "a

6

defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see also *Strickland v. Washington* (1984) 466 U.S. 668, 688.)

Defendant makes no serious attempt at either of these demonstrations. Instead, in one clause of one sentence that is repeated verbatim in defendant's opening and answering briefs, defendant levels a mere assertion of ineffective assistance of counsel. That is not enough. An argument like defendant's that "does not even attempt to explain how counsel's failure to object fell below an objective standard of reasonableness or how the failure to object resulted in prejudice" does not suffice, and "[w]e will not address a claim that defendant has failed to develop."[4] (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 467; see also *People v. Bonin* (1989) 47 Cal.3d 808, 857, fn. 6.)

---

[4] We do observe, however, that a "'trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary' [citation]." (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Defendant identifies nothing that would undercut this presumption in his case; the court's "no justification to warrant striking the enhancement[s]" comment is consistent with a determination that striking the enhancements would not be in furtherance of justice because it would unjustifiably risk public safety.

7

## DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


HOFFSTADT, P. J.


MOOR, J.