Filed 4/12/21  P. v. Lynch CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091922 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF07688) |
| v. | |
| DANIEL JORDANALLEN LYNCH, | |
| Defendant and Appellant. | |

Defendant Daniel Jordanallen Lynch timely appeals his judgment of conviction, arguing that the trial court's imposition of certain fines and fees without a determination of his ability to pay them violates *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the Eighth Amendment, and equal protection.  We conclude that defendant has forfeited these claims by failing to assert his inability to pay in the trial court.  We further find that defendant has not established that his counsel was ineffective in failing to raise this argument.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case are not relevant to this appeal.  It suffices to say that defendant broke into a home where his former girlfriend was staying, found a man in

1

the residence, and punched the man in the face, knocking him unconscious. When his former girlfriend tried to intervene, defendant punched her in the face as well. These events occurred in the presence of a minor child. Defendant pleaded no contest to battery with serious bodily injury (Pen. Code, § 243, subd. (d))**1** and misdemeanor battery of a spouse or cohabitant (§ 243, subd. (e)(1)).

The trial court sentenced defendant to the upper term of four years in state prison for battery with serious bodily injury, and one year concurrent for misdemeanor battery. The trial court further ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a (suspended) $300 parole revocation restitution fine (§ 1202.45), an $80 court operations assessment (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373). The trial court declined to impose the presentence investigation report fee or the public defender fee, finding no ability to pay under section 987.8, subdivision (g)(2)(B). Defense counsel did not object to the imposition of the fines or fees.

After filing this appeal, defendant wrote a letter to the trial court, asking it to stay the fines and assessments pursuant to section 1237.2. Defendant's argument relied on *Dueñas*, which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under [ ] section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that "although [ ] section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has

---

**1** Undesignated statutory references are to the Penal Code.

2

the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.) The trial court denied the request.

DISCUSSION

Defendant argues that under *Dueñas*, the $80 court operations assessment (§ 1465.8) and a $60 criminal conviction assessment (Gov. Code, § 70373) must be stayed pending an ability to pay hearing. He further contends that the imposition of his $300 restitution fine (§ 1202.4) violated the Eighth Amendment and equal protection. To the extent defendant forfeited these arguments by failing to raise them in the trial court, defendant contends his counsel was constitutionally ineffective. We agree with the People that defendant forfeited his claims on appeal and that he has failed to establish ineffective assistance of counsel.

That a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing is a longstanding and well-recognized rule. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to pay].) This is true regardless of whether defendant's ability to pay claims are constitutional in nature. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

Further, the fact the trial court imposed the minimum mandatory fines and fees does not forgive defendant's forfeiture. Here, defendant was sentenced on April 16, 2020, over a year after issuance of the *Dueñas* decision. (*Dueñas, supra*, 30 Cal.App.5th

3

1157 [decided Jan. 8, 2019].)  Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review.  (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

Nor has defendant established that his counsel was ineffective for failing to object. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)  To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient.  (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.)  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.)

Defendant cannot show his counsel was ineffective because we find his arguments to be without merit.  (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless position does not demonstrate ineffective assistance of counsel].)  Defendant's appeal hinges on the analysis in *Dueñas* finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct. Our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp, supra*, at pp. 95-96, review granted Nov. 13, 2019, S257844.)

4

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

We also find no merit in defendant's Eighth Amendment claim that the $300 restitution fee was unconstitutionally excessive (*People v. Aviles, supra*, 39 Cal.App.5th at pp. 1069-1072) or his claim that equal protection was violated. (*Id*. at p. 1069 [" '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude,' " italics omitted].)

DISPOSITION

The judgment is affirmed.


                                                       KRAUSE_____, J.


We concur:


_____MURRAY_____, Acting P. J.


_____DUARTE_____, J.