Filed 7/30/21  P. v. Whitfield CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091571 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF06496) |
| v. | |
| GEORGE WAYNE WHITFIELD, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant George Wayne Whitfield appeals the imposition of fines and fees without an ability to pay hearing.  Recognizing trial counsel did not object to the imposition of these fines and fees, despite the fact that sentencing occurred after the publication of *Dueñas*, defendant also contends the failure to object was ineffective assistance of counsel.  We conclude his counsel was not constitutionally ineffective and affirm the judgment.

1

## FACTUAL AND PROCEDURAL HISTORY

Defendant pleaded no contest to failure to appear (Pen. Code, § 1320, subd. (b))[1] in Butte County Superior Court case No. 19CF06496 and admitted to violating a restraining order (§ 273.6) in Butte County Superior Court case No. 19CM03452. The trial court sentenced defendant to the upper term of three years in county jail. The trial court further imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). Defendant's counsel did not object and did not request an ability to pay hearing. Pursuant to section 1237.2, defendant moved for the trial court to either hold an ability to pay hearing or to strike or stay the fines and fees. Defendant's argument relied on *Dueñas*, which held that "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held that "although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.) The trial court denied the request.

## DISCUSSION

Defendant contends that the trial court implicitly found that defendant had the ability to pay his fines and fees when it denied his section 1237.2 motion and argues that this finding was not supported by substantial evidence, as required by *Dueñas*. To the

---

[1] Undesignated statutory references are to the Penal Code.

2

extent defendant forfeited his challenge to the fines and fees by failing to raise the issue in the trial court, defendant contends his counsel was constitutionally ineffective. He argues the proper remedy is to stay the restitution fine and strike the court assessment fee and conviction assessment. On reply, defendant further argues that the restitution fee was unconstitutionally excessive, in violation of the Eighth Amendment. We agree with the People that defendant forfeited his claims on appeal, and we further conclude that defendant's counsel was not constitutionally ineffective.

That a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing is a longstanding and well-recognized rule. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to pay].) This is true regardless of whether a defendant's ability to pay claims are constitutional in nature. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].)

Here, defendant was sentenced on February 20, 2020, over a year after issuance of the *Dueñas* decision. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

Nor has defendant established that his counsel was ineffective for failing to object. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra*, at p. 694; accord, *Ledesma, supra*, at p. 218.)

Here, defendant cannot show his counsel was ineffective because he cannot show prejudice. In this case, the trial court had the opportunity to consider defendant's *Dueñas* claims under the section 1237.2 motion. The trial court denied the motion. As a result of this consideration and denial, defendant cannot demonstrate that he was prejudiced by counsel's failure to object.

## DISPOSITION

The judgment is affirmed.

                                                 /s/
                                       RAYE, P. J.

We concur:

    /s/
MAURO, J.

    /s/
MURRAY, J.