Filed 9/12/23  P. v. Canty CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C097704 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22CR000762, 22CR001524) |
| v. | |
| AARON BRUCE CANTY, JR., | |
| Defendant and Appellant. | |

Defendant Aaron Bruce Canty, Jr., pleaded guilty to passing a false license plate and admitted a prior strike allegation in Tehama County Superior Court case No. 22CR000762 (case No. 762).  In Tehama County Superior Court case No. 22CR001524 (case No. 524), he pleaded guilty to grand theft.  At sentencing on November 29, 2022, the trial court imposed the upper term in case No. 762, doubled for the prior strike offense, and one-third the middle term in case No. 524, to be served consecutively.

1

On appeal, defendant contends the trial court imposed the upper term in violation of Penal Code section 1170,[1] which at the time of sentencing had been amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1) (Senate Bill 567). Defendant contends he received ineffective assistance of counsel if we find this issue forfeited. We find defendant did forfeit this issue and conclude he did not establish his claim for ineffective assistance of counsel.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In July 2022, defendant pleaded guilty to passing a false license plate and grand theft. He also admitted to being previously convicted of a strike offense.

At the November 29, 2022, sentencing hearing, defendant invited the court to strike his prior conviction and place him on probation. He argued that his prior strike conviction was remote in time, the current offense was minor, and his "prospects for success" on probation were high. Defendant also argued the current offense was "connected to mental illness" and "prior victimization or childhood trauma." The court considered a "certified RAP sheet" as well as the probation report and expressed its concern for public safety based on defendant's criminal history. Accordingly, the court refused to strike the prior strike or place defendant on probation.

The trial court then sentenced defendant to an aggregate term of six years eight months in state prison, comprised of the upper term of three years, doubled for the prior strike, plus a consecutive eight-month term. The court explained its sentence: ". . . pursuant to imposing the aggravated term as the aggravating factors of a prior criminal history can be determined or considered when deciding whether or not to impose the upper term.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     The details of defendant's crimes are not relevant to the resolution of the claims on appeal. We omit them accordingly.

"As I just stated, [defendant's] extensive prior record is really bad. As outlined by Probation, he has five prior felony convictions, 10 misdemeanor convictions, four prison commitments, three parole violations, and he was on parole when he committed the current offense. That doesn't include all the arrests for things that he didn't get convicted for. So, the court believes, based on that, the court has enough to impose the upper term, and that's what I intend to do."

Defendant raised no objections; he now appeals from the judgment, which we will affirm.

## DISCUSSION

Defendant argues the trial court violated recently amended section 1170 because it relied on aggravating factors not found true by a trier of fact or stipulated to by defendant. If we find he forfeited his claim, defendant contends he received ineffective assistance of counsel.

Senate Bill 567 became effective January 1, 2022. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The act generally prohibits a trial court from imposing an upper term sentence except where there are circumstances in aggravation of the crime that justify imposing the upper term, and the facts underlying those circumstances (1) have been stipulated to by the defendant, or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) An exception to this rule authorizes the court to consider defendant's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

Defendant concedes he failed to object to imposition of his sentence. The changes to section 1170, however, were in effect at the time of his sentencing hearing. Thus, defendant could have, but did not, object to imposition of an upper term sentence that did

3

not comport with the requirements of amended section 1170. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856.) As a result, his claim on appeal is forfeited.

Faced with forfeiture, defendant argues his counsel was ineffective for failing to object. The burden is on defendant to establish ineffective assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.3d 171, 218.) To do so, a defendant "must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." (*People v. Cudjo* (1993) 6 Cal.4th 585, 623.)

On direct appeal, as here, this burden is stringent. When the record on appeal " ' "sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Thus, we will reverse only if there is affirmative evidence that counsel had no rational tactical purpose for an act or omission. (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)

The record here is silent as to counsel's reasons, if any, for failing to object to the upper term sentence under the modified section 1170. Defendant claims there was no reasonable tactical basis for trial counsel's failure to insist on a proper recitation of legally sufficient aggravating factors. We are not persuaded.

A reasonable explanation is trial counsel believed the aggravating factors could be established by section 1170's evidentiary requirements. All of the factors relied on by the trial court were based on defendant's criminal history. The court considered a "certified RAP sheet," as well as a probation report. While these may not be certified records of conviction, they include sources substantiating the information within.

Defense counsel could have reasonably believed that any objection would be futile because obtaining a certified record of conviction would not have changed defendant's criminal history, and therefore would not have changed the court finding the criminal history was sufficient to impose the aggravated term.

After verifying the accuracy of the information included in the probation report, either by confirming the information with defendant or by checking court records, trial counsel could have concluded objecting under Senate Bill 567 would accomplish nothing more than requiring the prosecution to introduce certified records or hold a trial to match what the probation report and "certified RAP sheet" already detailed.  In other words, defense counsel reasonably could have determined raising a Senate Bill 567 objection would merely prolong the sentencing proceeding but would not change the ultimate outcome.  (*People v. Price* (1991) 1 Cal.4th 324, 387.)

Because a reasonable tactical basis for the absence of an objection cannot be excluded, defendant has failed to carry his heavy burden on direct appeal to show his counsel provided ineffective assistance.  (*Burt v. Titlow* (2013) 571 U.S. 12, 22-23.)

DISPOSITION

The judgment is affirmed.


/s/
EARL, P. J.

We concur:


/s/
HULL, J.


/s/
MESIWALA, J.

5