Filed 6/24/24  P. v. Figueroa CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AURELIO MORENO FIGUEROA,<br><br>Defendant and Appellant. | F077514<br><br>(Super. Ct. No. VCF331062)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Patricia L. Brisbois, under appointment by the Court of Appeal, Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Smith, J. and Meehan, J.

This case returns to this court after the California Supreme Court recently decided *In re Vaquera* (2024) 15 Cal.5th 706 (*Vaquera*). In the prior appeal, we held the People properly pleaded and proved Aurelio Moreno Figueroa committed crimes under the One Strike law carrying a mandatory 25 years to life prison sentence. (See Pen. Code,[1] § 667.61.)

After *Vaquera* was decided and the matter transferred back to this court, we solicited additional briefing directing the parties to discuss the impact, if any, of that decision on the issues in this case. The People now concede the crimes pleaded and proved in this case carry 15 years to life terms, as originally imposed by the trial court. We accept the concession.

Figueroa had also challenged the consecutive sentences imposed by the trial court, and also various fines and fees imposed as part of the sentence. We previously found these claims moot, but now address and reject them on the merits. We will affirm the judgment.

## **BACKGROUND**

### *Charges*

The Tulare County District Attorney charged Figueroa with committing seven crimes. Counts 1 and 2 charged violations of section 288, subdivision (b)(1), forcible lewd act on a victim under 14 years old. Each count included a special allegation the crimes involved binding and tying the victim within the meaning of section 667.61, subdivisions (a), (b), and (e).

Counts 3, 4, and 5 charged violations of section 288, subdivision (a), lewd act on a victim under 14 years old. Counts 4 and 5 included a special allegation the crimes

---

[1] Undesignated statutory references are to the Penal Code.

2.

involved substantial sexual conduct within the meaning of section 1203.066, subdivision (a)(8).[2]

Count 6 charged a violation of section 136.1, subdivision (b)(2), dissuading a witness from participating with the prosecution. Count 7 charged a violation of section 273.6, subdivision (a), disobeying a domestic relations court order.

### *Trial Evidence*

The victim testified Figueroa assaulted her while she was sleeping in her bed. After binding her wrists with window curtains and electrical cords, he attempted to penetrate her and grabbed her breast. DNA samples taken near the victim's genitalia matched Figueroa's DNA profile.

The victim also testified to two other incidents involving Figueroa. In one incident, he carried her to bed and, while lying down with her, grabbed her breast. In the other incident, he placed his hand atop her clothes near her vagina. After she removed his hand, he replaced it.

After Figueroa was arrested, he wrote several letters to the victim's mother. In the letters he variously stated that not cooperating with the prosecution would benefit his case.[3]

### *Verdicts and Sentence*

Figueroa was convicted as charged. All special allegations were found true. He was sentenced to serve 40 years eight months to life in prison as follows: Count 1, 15 years to life; Count 2, 15 years to life; Count 3, six years; Count 4, two years; Count 5, two years; Count 6, eight months.[4] As part of the sentence, the court imposed a $10,000

---

[2] This allegation renders a person ineligible for probation.

[3] Before trial, Figueroa pleaded no contest to Count 7, disobeying a domestic relations order.

[4] The court imposed no additional incarceration on Count 7.

restitution fine, $280 in court operations fees, $210 in criminal conviction fees, and $800 for a victim-exam fee.

## DISCUSSION

Moreno raises two arguments on appeal. First, did the court properly impose consecutive terms? Second, did the court improperly impose fines and fees without considering ability to pay?

The People originally raised a third argument, contending the trial court erred in sentencing Figueroa to serve 15 years to life terms rather than 25 years to life terms. The People have since conceded the terms as imposed were proper. We accept the concession and otherwise find no error in imposing consecutive terms or fines and fees.

## I. One Strike Sentence

"California's 'One Strike' law … is an alternative sentencing scheme that applies when the prosecution pleads and proves specific aggravating circumstances in connection with certain sex offenses." (*Vaquera, supra,* 15 Cal.5th at p. 712.) "The law applies when the prosecution pleads and proves specific factual circumstances in addition to the elements of the underlying sex offense. [Citation.] When the prosecution is pursuing sentencing under the One Strike law, the jury decides first whether the prosecution has proved the elements of the charged offense; if the jury convicts, it then independently considers whether the prosecution has proved the circumstances alleged to support sentencing under the One Strike law." (*Id.* at p. 713.)

A One Strike "offense generally will be punishable by an indeterminate sentence of either 15 years to life or 25 years to life. (See § 667.61, subds. (a)-(e).) As relevant here, under subdivision (b), the sentence is 15 years to life if the jury has found the crime was committed under one of the circumstances listed in subdivision (e) of the One Strike law," including the "binding and tying" allegation in this case. (*Vaquera, supra,* 15 Cal.5th at p. 713.)

Originally, the People argued the court should have sentenced Figueroa to serve 25 year to life terms under the One Strike law, and we agreed. The People now concede the court's 15 years to life impositions were proper. We accept the concession.

## II. Consecutive Sentences

Figueroa complains the trial court failed to state reasons for imposing consecutive terms, necessitating a remand for resentencing. We disagree remand is necessary.

It is true the trial court did not state reasons for imposing consecutive terms. (See § 1170, subd. (c) ["The court shall state the reasons for its sentence choice on the record at the time of sentencing."].) But it does not follow resentencing is necessary.

"[C]laims of error in the trial court's exercise of its sentencing discretion are likewise forfeited if not raised at the sentencing hearing. Such errors are essentially factual, and thus distinct from ' "clear and correctable" ' legal errors that appellate courts can redress on appeal 'independent of any factual issues presented by the record at sentencing.' " (*People v. Trujillo* (2015) 60 Cal.4th 850, 856-857.) Figueroa did not object to the sentence nor did he ask the court to state its reasons for imposing consecutive terms.

Now, Figueroa claims his counsel was ineffective for failing to object or pressing the court to state its reasons. " 'In order to establish a claim of ineffective assistance of counsel, defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it "fell below an objective standard of reasonableness [¶] … under prevailing professional norms." [Citations.] Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.] If

a defendant meets the burden of establishing that counsel's performance was deficient, he or she also must show that counsel's deficiencies resulted in prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " (*People v. Bell* (2019) 7 Cal.5th 70, 125.)

Here, Figueroa cannot show counsel's performance was deficient. A simple and satisfactory explanation for why counsel did not object to the sentence or ask the court to state its reasons for sentencing is that there was little, if anything, redeeming about Figueroa's conduct. Indeed, he does not suggest anything other than minimal prior criminal history to support his argument. But the crimes in this case evinced heinous, sophisticated conduct.

Similarly, Figueroa cannot show prejudice. There is no reason to believe the trial court would have imposed a different sentence had counsel objected or asked the court to state its reasoning on the record.[5] In sum, the consecutive terms were not improperly imposed.

## III. Fines and Fees

As noted, the trial court also imposed several fines and fees: $10,000 restitution fine, $280 court operations fees, $210 criminal conviction fees, and $800 victim-exam fee. Figueroa contends the court erred because it did not hold an ability-to-pay hearing. He notes the judgment in this case predates *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). There, the Court of Appeal held imposing nonpunitive fees, like the court operations and criminal conviction fees in this case, without determining an ability to pay was "fundamentally unfair." (*Id.* at p. 1168.)

---

[5] Figueroa simply suggests concurrent terms were a probable outcome because the sex crimes occurred without a "real break in time." The suggestion is not persuasive.

The court here, however, also imposed a $10,000 restitution fine pursuant to section 1202.4. That section requires a minimum fine of $300. In increasing the fine over $300, a judge must consider "inability to pay." (§ 1202.4, subd. (d).)

A trial judge is presumed to follow and apply the applicable law. (*People v. Martinez* (2000) 22 Cal.4th 106, 125; Evid. Code, § 664.) Accordingly, the court here already considered ability to pay and concluded a $10,000 restitution fine was appropriate. There is no reason to believe the court would reach a different conclusion as to other fines totaling less than $2,000.[6]

Finally, the fines imposed are not excessive under the Eighth Amendment. An approximate $12,000 total fine is not disproportionate to the criminality in this case— sexually abusing a minor and dissuading a witness, i.e., attempting to cover up the crime. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 [proportionality is the touchstone of Eighth Amendment analysis]; cf. *People v. Potts* (2019) 6 Cal.5th 1012, 1056 [$10,000 restitution fine not invalid due to inability to pay].)

## DISPOSITION

The judgment is affirmed.

---

[6] Notably, *Dueñas. supra,* did not create a right to object. And inability to pay was as a palpable issue at the time of sentencing in this case because the trial court imposed more than the minimum restitution fine. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1154.) Because the issue was not raised in the trial court, the claim is forfeited. (*Ibid.*)