Filed 3/7/25  P. v. Lucero CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FREDI LUCERO, Defendant and Appellant. | D083768 (Super. Ct. No. RIF2103109) |


APPEAL from a judgment of the Superior Court of Riverside County, Matthew C. Perantoni, Judge.  Affirmed.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Fredi Lucero of first degree murder (Pen. Code,[1] § 187, subd. (a)) and made a true finding that he personally discharged a firearm, causing death (§ 12022.53, subd. (d).) The trial court sentenced Lucero to an indeterminate prison term of 50 years to life, composed of terms of 25 years to life for the murder and 25 years to life for the firearm enhancement.

Lucero contends that the trial court abused its discretion in deciding not to strike the firearm enhancement. He also contends that his trial counsel provided ineffective assistance by failing to make arguments regarding the firearm enhancement. We conclude that Lucero has forfeited his contention regarding the trial court's imposition of the firearm enhancement, and that he has failed to meet his burden to establish that he received ineffective assistance of counsel. We accordingly affirm the judgment.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2021, Lucero shot and killed his girlfriend during an argument at their home. Lucero fired three gun shots at his girlfriend during the incident. The fatal wound was a gun shot at close range to the top of the head. Lucero was 19 years old at the time of offense.

The jury found Lucero guilty of first degree murder. (§ 187, subd. (a).) It also made a true finding that Lucero personally discharged a firearm

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

causing death.  (§ 12022.53, subd. (d).)  Based on that true finding, Lucero was subject to a sentencing enhancement of 25 years to life.[2]

Lucero was sentenced on September 29, 2023.  Defense counsel did not file a sentencing memorandum and did not present any argument at the sentencing hearing prior to the imposition of sentence.  However, at the sentencing hearing the trial court nevertheless explained that it had considered whether to strike the firearm enhancement but had decided not to do so.

The trial court stated, "As to the enhancement under 12022.53(d), the Court does understand under a change in law recently, the Court . . . does have discretion to stay or strike that enhancement or punishment pursuant to that enhancement if the Court finds that [it is] in the interest of justice to do so. [¶] But I've given this some thought and consideration[.]  I'm unable to make a finding that it would be in the interest of justice to strike the enhancement or the punishment under the enhancement[.]  So the Court will impose an additional 25 years to life for the enhancement of using a gun causing death."

Accordingly, the trial court sentenced Lucero to a prison term of 25 years to life for the murder and an additional term of 25 years to life for the firearm enhancement, for a total sentence of 50 years to life.

---

[2]    The firearm enhancement in section 12022.53, subdivision (d), provides, "Notwithstanding any other law, a person who, in the commission of a felony specified in subdivision (a), Section 246, or subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm and proximately causes great bodily injury, as defined in Section 12022.7, or death, to a person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

## DISCUSSION

A.  *Lucero's Contention That the Trial Court Abused Its Discretion in Deciding Not to Strike the Firearm Enhancement*

We turn first to Lucero's contention that the trial court erred in deciding not to strike the firearm enhancement.  We apply an abuse of discretion standard of review.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)

### 1.  *Applicable Law*

Section 1385 governs a trial court's discretion to strike an enhancement.  As the trial court recognized in its comments at Lucero's sentencing hearing, effective January 1, 2022 (Stats. 2021, ch. 721 § 1) the Legislature enacted Senate Bill No. 81, which amended section 1385 to include subdivision (c).  Subdivision (c)(1) of section 1385 states that the court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  Moreover, subdivision (c)(2) states that "[in] exercising its discretion . . . , the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)

While Lucero's appeal was pending, our Supreme Court decided *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), which resolved a disagreement between the courts of appeal as to whether subdivision (c)(2) of section 1385 created a rebuttable presumption in favor of striking an enhancement when a mitigating circumstance in subparagraphs (A) to (I) was proven.  (*Walker*, at

4

pp. 1028–1029, 1031 [describing disagreement].) *Walker* clarified that if a defendant proves a mitigating circumstance identified in subparagraphs (A) to (I) of subdivision (c)(2) "the plain language of section 1385, subdivision (c)(2) does *not* erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Walker*, at p. 1033, italics added.) Instead, under *Walker*'s interpretation of the statute, "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1029.)

  2. *Lucero's Contentions*

  Lucero contends that two of the mitigating circumstances set forth in section 1385, subdivision (c)(2) apply to his case: (1) "The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement or enhancements applied in the current case" (§ 1385, subd. (c)(2)(G)); and (2) "[t]he application of an enhancement could result in a sentence of over 20 years" (*id.*, subd. (c)(2)(C)). He argues that in light of those mitigating circumstances the trial court was obligated to "consider and afford great weight" to them in deciding whether to strike the enhancement and was required to consider whether striking the enhancement would

endanger public safety. Lucero contends that "it appears the trial court was unaware of its obligation" to undertake that analysis, and instead based its decision "simply on its conclusion that [striking the enhancement] would not be in the furtherance of justice."[3] Lucero asks us to remand for resentencing so that the trial court can conduct the required statutory analysis.

### 3. *Lucero Has Forfeited His Appellate Contentions*

The People contend that Lucero has forfeited his ability to argue, on appeal, that the trial court erred in failing to consider the mitigating circumstances that he now contends are applicable to his case. As we will explain, we agree.

"In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law. As a general rule neither party may initiate on appeal a claim that the trial court failed to make or articulate a ' "discretionary sentencing choice[ ]." ' " (*In re Sheena K.* (2007) 40 Cal.4th

---

[3] In his opening appellate brief, filed prior to our Supreme Court's issuance of *Walker*, *supra*, 16 Cal.5th 1024, Lucero argues for the application of a rebuttable presumption in favor of striking an enhancement when one of the mitigating factors identified in section 1385, subdivision (c)(2) is present. As the People point out in their respondent's brief, filed after *Walker* was issued, the interpretation that Lucero urges us to adopt was rejected by our Supreme Court. Lucero did not file an appellate reply brief. However, based on the content of Lucero's opening brief, we do not understand his argument that the trial court abused its discretion to depend *exclusively* on his contention that a rebuttable presumption applies. Instead, we understand Lucero to be arguing that, regardless of whether section 1385, subdivision (c)(2) creates a rebuttable presumption, the trial court abused its discretion because it did not recognize that his case required the application of the standard that applies when a defendant proves a mitigating circumstance identified in subparagraphs (A) to (I) of section 1385, subdivision (c)(2). After *Walker*, as we have explained, that standard requires the trial court to assign "significant value to the enumerated mitigating circumstances when they are present." (*Walker*, at p. 1029.)

6

875, 881.) "[T]he sentencing hearing is, in general, the proper time for a defendant to assert all available procedural and factual contentions relating to the trial court's sentencing choices." (*People v. Trujillo* (2015) 60 Cal.4th 850, 861.) "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing." (*People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id.* at p. 356.)

Defense counsel made no argument, either in a sentencing memorandum or at the sentencing hearing, that the trial court should exercise its discretion to strike the firearm enhancement. Then, when the trial court on its *own* initiative, considered whether it was in the furtherance of justice to strike the enhancement, defense counsel made no attempt to identify or prove any of the mitigating circumstances set forth in subparagraphs (A) to (I) of section 1385, subdivision (c)(2).

For the first time on appeal, Lucero contends that two mitigating circumstances apply to his case, and that the trial court erred in not considering them when deciding whether to strike the firearm enhancement. However, Lucero made no reference in the trial court to the mitigating circumstances that he now relies upon, and he therefore did not argue the trial court should consider those circumstances in deciding whether to strike the firearm enhancement. It was counsel's responsibility to advocate that the trial court strike the enhancement based on the presence of certain mitigating circumstances. (*Scott*, *supra*, 9 Cal.4th at p. 353.) Indeed the statute assigns *to the defendant* the burden of proving the existence of a mitigating circumstance. (§ 1385, subd. (c)(2) ["the court shall consider and

7

afford great weight *to evidence offered by the defendant to prove* that any of the mitigating circumstances in subparagraphs (A) to (I) are present" (italics added)].)  By failing to raise the issue below, Lucero has forfeited his ability to argue, for the first time on appeal, that the trial court should have conducted an analysis that took into account certain mitigating circumstances.  (*Scott*, at p. 353.)[4]

In sum, based on the principle of forfeiture, we reject Lucero's contention that the trial court abused its discretion in deciding not to strike the firearm enhancement.

B.    *Lucero's Contention That Defense Counsel Provided Ineffective Assistance*

We next consider Lucero's contention that defense counsel provided ineffective assistance because he "failed to argue that the applicable mitigating circumstances . . . created a presumption weighing in favor of dismissing the firearm enhancement and that doing so would not pose a risk to public safety."

A criminal defendant is constitutionally entitled to effective assistance of counsel.  (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v.*

---

[4]    Although we need not, and do not, reach Lucero's forfeited contention that the mitigating factors in subparagraphs (C) and (G) apply to his case, we note that subparagraph (G) obviously has no application here because Lucero was 19 years old, not a juvenile, when he committed the offense that triggered the firearm enhancement.  (§ 1385, subd. (c)(2)(G)) [identifying the mitigating circumstance that "[t]he defendant was a juvenile when they committed the current offense or any prior offenses . . . that trigger the enhancement or enhancements applied in the current case"].)  Addressing Lucero's contention that subparagraph (C) applies here would require a lengthier discussion, which we need not, and do not, undertake here.  (§ 1385, subd. (c)(2)(C)) [identifying the mitigating circumstance that "[t]he application of an enhancement could result in a sentence of over 20 years"].)

*Washington* (1984) 466 U.S. 668, 684–685 (*Strickland*).) To establish ineffective assistance, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).) An ineffective assistance of counsel claim fails if the defendant makes an insufficient showing on either one of these components. (*Strickland*, at p. 687.) "It is defendant's burden to demonstrate the inadequacy of trial counsel." (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Strickland, supra*, 466 U.S. at p. 697.)

Here, we dispose of Lucero's claim of ineffective assistance by concluding that Lucero has failed to meet his burden to show prejudice, i.e., a reasonable probability that the trial court would have stricken the firearm enhancement had defense counsel argued the presence of mitigating circumstances. In demonstrating prejudice, Lucero "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." (*People v. Williams* (1988) 44 Cal.3d 883, 937.)

In arguing that he incurred prejudice from defense counsel's ineffective assistance, Lucero refers us to the portion of his brief that argues reversal is

necessary because the trial court's error was prejudicial. There, Lucero focuses on the contention, which has since been refuted by our Supreme Court in *Walker*, *supra*, 16 Cal.5th 1024, that the presence of a mitigating circumstance creates a rebuttable presumption requiring that an enhancement be stricken in the furtherance of justice *unless* doing so would endanger public safety. Based on that premise, Lucero contends that, if the trial court had considered the presence of certain mitigating circumstances, the trial court would have been *required* to strike the firearm enhancement unless the trial court concluded that public safety would be endangered. According to Lucero, the trial court would have concluded that striking the enhancement would not endanger public safety because the murder occurred when Lucero was a youthful offender, but he would subsequently mature, and even if the firearm enhancement were stricken, he would not be released from prison until he was at least "about 45 years old."

Lucero fails to carry his burden with this argument for several reasons. First, as we have noted, it depends on a premise that *Walker* has rejected. (*Walker*, *supra*, 16 Cal.5th 1024.) Based on *Walker*, even if defense counsel had proven the existence of a mitigating circumstance, that would not create a rebuttal presumption that could only be overcome by a finding that dismissal would endanger public safety. (*Id*. at p. 1033.) Second, even if defense counsel were to have prompted the trial court to expressly consider whether striking the enhancement would endanger public safety, Lucero has not persuaded us that it is reasonably probable the trial court would have reached a conclusion favorable to him on that issue. Lucero's crime was extremely violent, and the probation officer's report describes instances of violence both before and after the commission of the instant offense. Most significantly, on August 23, 2022, while incarcerated for the instant matter,

10

Lucero was involved with a large group of inmates assaulting another inmate, in which, "the defendant struck the victim 27 times with closed fist strikes and five kicks" causing substantial injury. Moreover, although case law has observed that a projected release from prison at an "elderly" stage of life, even without an added enhancement, may support a conclusion that striking the enhancement would not endanger public safety (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228), the age of 45 is not elderly. With those facts in mind, we cannot conclude it is reasonably probable that the trial court would have reached a different conclusion on whether striking the firearm enhancement was in the furtherance of justice, even if it focused on whether doing so would endanger public safety.

Accordingly, Lucero has not met his burden to establish he is entitled to relief based on the contention that defense counsel provided ineffective assistance.

## DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

11